UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN S. WATTS,

    Plaintiff,

        v.                                                    CAUSE NO. 3:25-CV-920-CCB-SJF

THOMPSON and BALOGNA,

    Defendants.

**OPINION AND ORDER**

Ryan S. Watts, a prisoner without a lawyer, filed a complaint seeking monetary damages because officers used excessive force against him and did not protect him from attack by fellow inmates. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Watts alleges it was around 2:00 a.m. while he was in the Post 2 holding cage when he told Sgt. Thompson and Lt. Belongna[1] that he was in danger of being killed if

---

[1] The body of Plaintiff's complaint spells Defendant's name as "Belongna" where the caption identifies the defendant as "Balogna."

he was put in 7 dorm. He alleges they used excessive force to handcuff him and put him in 7 dorm. The next morning, he was severely beaten by inmates who broke his jaw.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Giving Watts the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim against Sgt. Thompson and Lt. Belongna for both excessive use of force and failure to protect claims in violation of the Eighth Amendment.

Watts also sues Warden Smiley and Lt. Due, but neither are mentioned in the body of the complaint. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The complaint does not state a claim against Warden Smiley or Lt. Due and they will be dismissed.

For these reasons, the court:

(1) **GRANTS** Ryan S. Watts leave to proceed against Sgt. Thompson and Lt. Belongna in their individual capacities for compensatory and punitive damages for using excessive force to handcuff and force him into 7 Dorm in violation of the Eighth Amendment;

(2) **GRANTS** Ryan S. Watts leave to proceed against Sgt. Thompson and Lt. Belongna in their individual capacities for compensatory and punitive damages for failing to protect him from attack by inmates in 7 Dorm in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Smiley and Due;

(5) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Thompson and Lt. Belongna at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. Thompson and Lt. Belongna to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 17, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT