UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN S. WATTS,<br><br>Plaintiff,<br><br>v.<br><br>THOMPSON, DELONEY, DUE, and PALIGA,<br><br>Defendants. | CAUSE NO. 3:25-CV-920-CCB-SJF |

## OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, filed an amended complaint raising claims against five defendants based on events which happened at the Westville Correctional Facility on October 24 and 25, 2025. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Watts alleges Sgt. Thompson twisted his right thumb until it popped. ECF 18 at ¶ 19. Watts alleges Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga then "dragged me by my thumbs (being twisted and joint manipulation lock) to 7 Dorm." ECF 18 at ¶

20. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). These allegations state a claim against Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga for using excessive force in violation of the Eighth Amendment.

Watts alleges he was being moved because he snitched on inmates in 8 Dorm. ECF 18 at ¶ 12. He alleges 7 Dorm is physically connected to 8 Dorm and inmates talk to each other between these dorms. *Id*. at ¶¶ 14 and 24. He alleges he told Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga that his life was in danger because he was a snitch. *Id*. at ¶¶ 15 and 20. He alleges they knew he was in danger, but forced him into 7 Dorm where he was assaulted the next day. *Id*. at ¶ 22 and 31-33. He alleges the inmates in 8 dorm knew he had snitched on them because Sgt. Thompson and Lt. Deloney told them. *Id*. at 26. To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). These allegations state a claim against Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga for failing to protect him in violation of the Eighth Amendment.

Watts sues Warden Smiley for "failing to properly train, supervise, train, and control" Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga. These allegations do not

state a claim because failure to train and supervise claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

In addition to monetary compensation, Watts seeks injunctive relief to be moved to another prison. Watts is currently housed in 5A Dorm where he alleges he is "harassed daily and threatened by offenders." ECF 18 at 11. In his motion for a preliminary injunction, he says "when I'm caught out of current dorm, they are going to kill me." ECF 21. When reading the complaint and motion together, it appears Watts is physically safe (albeit harassed) while he is in 5A Dorm. Based on his filings, he has not plausibly alleged facts showing that he is uniquely unsafe in 5A Dorm or that he can reasonably expect to be moved from there to an unsafe location. As such, he has not shown that he is not being provided the protection required by the Eighth Amendment. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

3

*Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) **GRANTS** Ryan S. Watts leave to proceed against Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga in their individual capacities for compensatory and punitive damages for using excessive force against him on October 24, 2025, violation of the Eighth Amendment;

(2) **GRANTS** Ryan S. Watts leave to proceed against Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga in their individual capacities for compensatory and punitive damages for failing to protect him from attack by inmates in 7 Dorm on October 25, 2025, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Warden Smiley;

(5) **DENIES** the motion for preliminary injunction (ECF 21);

(6) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 18);

(7) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. Thompson, Lt. Deloney, Lt. Due, and Sgt. Paliga to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 15, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT