UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN S. WATTS,<br><br>Plaintiff,<br><br>v.<br><br>THOMPSON, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-920-SJF |

OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims against Sgt. Jamar Thompson, Lt. Delwyn Deloney, Lt. Robert Deu, and Sgt. Paliga: (1) "for using excessive force against him on October 24, 2025," and (2) "for failing to protect him from attack by inmates in 7 Dorm on October 25, 2025[.]" ECF 27 at 4. The defendants filed a motion for summary judgment, arguing Watts did not exhaust his available administrative remedies before he filed this lawsuit. ECF 53. Watts filed a response, and the defendants filed a reply. ECF 60, 66. The defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Watts' grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 53-3 at 2; ECF 53-1 at 3. To complete the first step, an inmate must submit a grievance to the grievance office within ten business days of the incident giving rise to the complaint. ECF 53-1 at 9. The Grievance Specialist attests that the Offender Grievance Process was available to all inmates at WCF, including Watts, at all relevant times, and continues to be available to him. ECF 53-3 at 5. Watts' grievance records show he never submitted any grievance related to his claims in this lawsuit that the defendants used excessive force against him on October 24, 2025, or failed to protect him on October 25, 2025. *Id.* at 5; ECF 53-2.

In his response, Watts concedes he never fully exhausted any relevant grievance before he filed this lawsuit. He instead argues his administrative remedies were unavailable because he suffered injuries, including swollen eyes, during the October 24 assault and was held in a cage from October 23 through October 28, where he was not allowed "anything" and Officer Risner denied his request for a grievance form. ECF 60

at 1-3. However, Watts states that October 29, 30, 31, and November 1 "left plaintiff 4 days window . . . to grieve the remedies." *Id.* at 2.

Here, construing the facts in the light most favorable to Watts, the record does not show his administrative remedies were unavailable. Specifically, accepting as true that Watts was held in a cage and denied a grievance form between October 23 and October 28, he concedes he still had a "window" to submit a grievance. The Offender Grievance Process allows an inmate to submit a grievance within ten business days of the incident complained of, meaning Watts had until approximately November 7, 2025, to submit a grievance related to his allegations against the defendants. Watts has not explained why he was unable to submit a grievance between October 28 and November 7. Rather, he expressly acknowledges he had a subsequent opportunity to submit a grievance after the period in which he says he was confined in the cage and denied a form. Accordingly, Watts' own account shows he had an opportunity to submit a grievance beginning October 29, before he filed this lawsuit.

Further, the record shows Watts placed this lawsuit in the mail on October 31, 2025, without first submitting a grievance. ECF 1 at 6. This was before the end of even the four-day window he identifies, and the policy's ten-business-day filing period in fact gave him until November 7 to submit a grievance concerning either incident. ECF 53-1 at 9. Watts has not explained why he was able to submit this lawsuit on October 31, but was unable to submit a grievance during that same time period. Because Watts had an available opportunity to pursue a grievance before he filed suit, he was required to complete the grievance process before bringing this action. *See Ford v. Johnson*, 362 F.3d

395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later).

Lastly, Watts' vague assertion that his injuries prevented him from filing a grievance does not explain how his swollen eyes or other injuries prevented him from doing so during his acknowledged window. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). His ability to submit his complaint for mailing on October 31 further undermines that assertion, and he identifies no physical limitation that prevented him from submitting a grievance while permitting him to file this lawsuit.

Accordingly, the defendants have provided undisputed evidence Watts did not exhaust any relevant grievance before filing this lawsuit, and the record does not show his administrative remedies were unavailable. The defendants have therefore met their burden to show Watts did not exhaust his available administrative remedies before filing this lawsuit, and summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 53);

(2) DISMISSES this action WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

(3) INSTRUCTS the clerk to enter judgment in favor of the defendants and against Ryan S. Watts and to close this case.

SO ORDERED on October 21, 2026.

s/ Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge